IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA GONZALEZ AND ELIAS GONZALEZ<br>    *Plaintiffs,*<br><br>vs.<br><br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>    *Defendant.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>NO: SA: 23-CV-00455-OLG<br><br><br><br><br>JURY REQUESTED |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S FIRST AMENDED ANSWER

Defendant, State Farm Mutual Automobile Insurance Company (State Farm) files this First Amended Answer in response to Plaintiffs' Original Petition (Complaint), per the Court's Order Setting Initial Pretrial Conference (Dkt No. 10). Without waiving any applicable defenses, whether affirmative or otherwise, and reserving the right to assert and rely on any such applicable defenses as may become available or apparent during the course of this action and still insisting upon Plaintiffs sustaining their burden of proof, would respectfully show the Court the following:

### RESPONSES TO PLAINTIFFS' ALLEGATIONS

#### Plaintiffs' Complaint — "Discovery Level"

1. No answer is necessary to the allegations in Section I of Plaintiffs' Complaint concerning the discovery level under Texas state practice. Because this action has been removed to this Court, the discovery level is not relevant.

#### Plaintiffs' Complaint – "Parties"

2. With respect to Paragraph 1 of Section II of Plaintiffs' Complaint, Defendant admits that Plaintiffs reside in Bexar County, Texas.

3.  With respect to Paragraph 2 of Section II of Plaintiffs' Complaint, Defendant admits that it is a mutual insurance carrier authorized to do business within the State of Texas, which was issued a certificate of authority to conduct the business of insurance pursuant to Chapter 801 of the Texas Insurance Code. Defendant has made an appearance in this lawsuit without moving to quash service or filing a Special Appearance and as a result further response to Plaintiffs' allegations in Section II of Plaintiffs' Complaint is unnecessary.

### Plaintiffs' Complaint – "General Statement of the Case"

4.  With respect to Paragraph 3 of Section II of Plaintiffs' Complaint, Defendant agrees that Plaintiff is seeking a declaratory judgment and that a declaratory judgment claim is the appropriate remedy for an underinsured or uninsured motorist claim in this case. Defendant, however, denies that a declaratory cause of action under Chapter 37 of the Texas Civil Practice and Remedies Code is proper in this forum as a declaratory judgment action in a diversity case must be brought under the Federal Declaratory Judgment Act.[1] In addition, Defendant denies that Plaintiffs are entitled to recover attorney's fees pursuant to their declaratory judgment cause of action as "a party may not rely on the Texas [Declaratory Judgments Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."[2]

### Plaintiffs' Complaint - "Facts"

5.  In regard to the first paragraph of Section IV of Plaintiffs' Complaint, Defendant admits that Plaintiffs' automobile was struck from behind by an automobile being driven negligently by Jason Mathew Broadwater (Broadwater) and that Broadwater was uninsured. Defendant can neither admit nor deny whether Plaintiffs vehicle spun around several times.

---

[1] See *Utica Lloyd's of Tex. v. Mitchell*, 138 F.3d 208, 210 (5th Cir. 1998)
[2] *Id*.

6. In regard to the second paragraph of Section IV of Plaintiffs' Complaint, Defendant admits that Plaintiff Maria Gonzalez had uninsured motorist coverage under her State Farm auto policy no. 2679-735-53F at the time of the subject accident.

7. Defendant denies the allegations in the third paragraph of Section IV of Plaintiffs' Complaint.

### Plaintiffs' Complaint - "Third-Party Driver's Negligence"

8. In regard to allegations of Section V of Plaintiffs' Complaint, Defendant admits that that Broadwater was negligent. Defendants deny that Broadwater's negligence proximately caused injuries and the damages sought in this lawsuit.

### Plaintiffs' Complaint - "Plaintiff's [sic] Damages"

9. Regarding Section VI of Plaintiffs' Complaint, Defendant denies the allegations contained through subparagraph (n) in that Defendant specifically denies that the subject accident was a cause of Plaintiffs' purported damages or that Plaintiffs are entitled to recovery of said elements of damage or amount of said damages as alleged therein. Defendant admits that the insurance carrier for the automobile being driven by Broadwater at the time of the subject accident denied coverage. Defendant denies the remaining allegations in Section VI of Plaintiffs' Complaint.

### Plaintiffs' Complaint - "Cause of Action Against Defendant for UIM Benefits: Declaratory Judgment"

10. With respect to the allegations in Section VII of Plaintiffs' Complaint, Defendant agrees that Plaintiff is seeking a declaratory judgment and that a declaratory judgment claim is the appropriate remedy for an underinsured or uninsured motorist claim in this case. Defendant, however, denies that a declaratory cause of action under Chapter 37 of the Texas Civil Practice and Remedies Code is proper in this forum as a declaratory judgment action in a diversity case

must be brought under the Federal Declaratory Judgment Act.[3] In addition, Defendant denies that Plaintiffs are entitled to recover attorney's fees pursuant to their declaratory judgment cause of action as "a party may not rely on the Texas [Declaratory Judgments Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."[4]

### Plaintiffs' Complaint - "Attorney's Fees"

11.     With respect to the allegations in Section VIII of Plaintiffs' Complaint, Defendant denies that Plaintiffs are entitled to recover attorney's fees pursuant to their declaratory judgment cause of action as "a party may not rely on the Texas [Declaratory Judgments Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."[5]

### Plaintiffs' Complaint – "Authentication of Production"

12.     No answer is necessary to the allegations in Section IX of Plaintiffs' Complaint concerning the authenticity of "documents produced in response to a Request for Production" under Texas state practice. Because this action has been removed to this Court, the rule and process is not relevant.

### Plaintiffs' Complaint – "Prejudgment Interest"

13.     In regard to Section X of Plaintiffs' Complaint, Defendant admits that Plaintiffs would be entitled to prejudgment interest if a jury returns a verdict and award in their favor.

### Plaintiffs' Complaint – "Jury Demand"

14.     Regarding Section XI of Plaintiffs' Complaint, Defendant admits and agrees to trial by jury.

### Plaintiffs' Complaint – "Prayer"

---

[3] See *id.*
[4] *Id.*
[5] *Id.*

15. The allegations in Section XII of Plaintiffs' Complaint contain conclusions of law and do not require an answer. To the extent an answer is required, Defendant denies that Plaintiffs are entitled to any recovery or relief.

## ADDITIONAL DEFENSES TO PLAINTIFFS' ALLEGATIONS

### First Defense

16. Defendants deny each and every material allegation made in Plaintiffs' Complaint not previously controverted or admitted herein and demand that Plaintiffs prove, by credible evidence meeting the requisite standard of proof, each and every such material allegation made in Plaintiffs' Complaint.

### Second Defense

17. Plaintiffs' Complaint, in whole or in part, fails to state a ground or claim upon which relief can be granted.

### Third Defense

18. Plaintiffs' claims are barred, in whole or in part, to the extent that Plaintiffs' alleged damages or losses were caused or aggravated by the actions or inactions of Plaintiffs, persons acting on Plaintiffs' behalf, or third parties for whom Defendants are not legally responsible.

### Fourth Defense

19. To the extent medical and health care damages awarded, if any, are subject to statutory limits, other applicable statutory authority, and common law, Defendant seeks application and limitations imposed by such requirements. Specifically, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of Plaintiffs. What is more, evidence of any medical damages in the past that are not compensable are irrelevant and inadmissible. In addition, to the extent Plaintiff(s) had health insurance,

Medicaid, or Medicare available and failed to submit such bills to such health insurer, Medicaid, or Medicare, such Plaintiff(s) failed to mitigate their respective damage(s), all of which are expressly denied by Defendants.

20.     Further, Defendant asserts that if Plaintiffs agreed or are required to pay a medical provider more than a reasonable amount for services, the difference between the amount paid and a reasonable amount is not owed by Defendant but, rather, results from the conduct of Plaintiffs, Plaintiffs' medical provider(s) and/or Plaintiffs' authorized agents.  See *In re K&L Auto Crushers, LLC*, 627 S.W.3d 239, 250-51 (Tex. 2021) ("If a claimant agrees or is required to pay a medical provider more than a reasonable amount, the difference between the amount paid and a reasonable amount is not a 'necessary and usual result of the tortious act,' but of the claimant's or provider's conduct.")(citation omitted).

### Fifth Defense

21.     Defendant specifically denies that Plaintiffs have complied with the conditions of the policy and all conditions precedent for recovery of uninsured/underinsured motorist benefits. Without waiving any other policy condition which has not been complied with, State Farm, contends that Plaintiffs have yet to establish legal liability and damages, and therefore have failed to comply with all terms of the policy as condition precedent to recovery.  As provided in the Policy,

> **PART C – UNINSURED/UNDERINSURED MOTORIST COVERAGE INSURING AGREEMENT**
>
> We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by a covered person, or property damage, caused by an accident.

### Sixth Defense

22. Defendant further asserts that it is entitled to a credit for all benefits paid under the policy of insurance at issue.

### Seventh Defense

23. Pleading in the alternative, if same be necessary, and as an affirmative defense, Defendant states that if any Plaintiff(s) is/are suffering from any injuries whatsoever, or has undergone any mental or physical pain or suffering, then such is due solely or partially to diseases, natural causes, degeneration, disorders, bodily infirmities, and/or prior and subsequent incidents or injuries, wholly disassociated with the allegations upon which this lawsuit is filed.

### Eighth Defense

24. Defendant claims and asserts the right to require that Plaintiffs prove any alleged loss of earnings and/or loss of earning capacity with evidence presented in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant any federal income tax law.

### DEFENSES ASSERTED IN THE ALTERNATIVE
### AND RESERVATION OF RIGHT TO ASSERT OTHER DEFENSES

24. Each of the defenses of Defendant is asserted in the alternative.

25. Defendant hereby gives notice that Defendant intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserve the right to amend this pleading to assert such defenses.

### **PRAYER**

WHEREFORE PREMISES CONSIDERED, Defendant, State Farm Mutual Automobile Insurance Company, respectfully prays that Plaintiffs, Maria Gonzalez and Elias Gonzalez, take

nothing by reason of this lawsuit. Defendant, further prays for additional and further relief to which it may show it to be justly entitled, at law or in equity.

                        Respectfully Submitted,

                        **ORTIZ & LAW, P.C.**

                        By: */s/ Jonathan Law*
                              Jonathan Law
                              State Bar No. 24028656
                        10100 Reunion Place, Suite 600
                        San Antonio, Texas 78216
                        Telephone: 210-344-3900
                        Facsimile: 210-366-4301
                        jon@ortizlawpc.com
                        rrosupport@ortizlawpc.com
                        **ATTORNEY FOR DEFENDANT,**
                        **STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

On June 21, 2023, the foregoing document was served in compliance with the Federal Rules of Civil Procedure by mail, hand delivery, telecopier transmission, or CM/ECF electronic notice to the following:

Jerry V. Hernandez, Of Counsel
Davis Law Firm
10500 Heritage Blvd, Ste. 102
San Antonio, Texas 78216
Facsimile: (210) 870-1475
jerryh@davislaw.com

                                                    */s/ Jonathan Law*
                                                      Jonathan Law